## 21001.  BANK OF LEESBURG *v.* ALBANY PRODUCE COMPANY.

DECIDED MARCH 31, 1931.

*E. L. Forrester,* for plaintiff in error.

*Pottle, Hardwick, Farkas & Cobb,* contra.

LUKE, J.  Albany Produce Company, a copartnership, filed a petition in the city court of Leesburg against Bank of Leesburg, praying judgment for a claimed sum, with interest, and that upon stated facts such judgment be declared a preferential lien against the assets of said bank.  The case comes here upon exception to the overruling of a general demurrer.

The petition as amended (omitting the caption and prayer) is as follows:

"1.  Defendant, Bank of Leesburg, is a banking institution organized under the laws of Georgia, with its principal office in Leesburg, Lee County, Georgia.

"2.  That said bank was duly and legally taken over by the Superintendent of Banks on the——day of ——————, 1926, and ever since said date the assets of said institution have been in the custody and under the management of the Superintendent of Banks, or his duly authorized agent.

"3.  Petitioner shows that prior to taking charge of said Bank of Leesburg by the Superintendent of Banks, there was on deposit in said Bank of Leesburg to the account of Albany Produce Company a sum in excess of $500, and to the account of Mrs. M. J. Crews an amount in excess of $41.51; that at all times hereinafter alleged these sums were on deposit in said bank to the account of the respective parties, subject to check.

"4. Petitioner shows that Mrs. M. J. Crews gave to it a check for $41.51 on the Bank of Leesburg, and further shows that it drew a draft on said Bank of Leesburg for the sum of $500; that said check and draft were deposited in regular and due course of business in the Albany Exchange National Bank at a time when said Bank of Leesburg was open and doing business.

"5. Petitioner shows that in due course of banking said checks and drafts were forwarded for clearing to the Atlanta Clearing House; that prior to the failure of said Bank of Leesburg the Atlanta Clearing House, upon receipt of checks and drafts drawn upon said Bank of Leesburg, would notify the Bank of Leesburg that it held said checks and drafts for collection and clearing and requested that remittance be made for said checks and drafts. If said checks and drafts were drawn upon depositors in said Bank of Leesburg who had on deposit sufficient sums to pay the same, the amounts would be debited to the accounts of the respective parties on the books of the Bank of Leesburg, and said Bank of Leesburg would forward a check to the Atlanta Clearing House in payment of same.

"6. Petitioner shows that in the particular cases herein involved the Atlanta Clearing House notified the Bank of Leesburg that it held a check of Mrs. M. J. Crews for $41.51, and a draft of the Albany Produce Company for $500, and in addition thereto other items; that immediately upon receipt of said notice the Bank of Leesburg, on July 10, 1926, remitted to the Atlanta Clearing House a check for $1003.25 in payment of the check of Mrs. M. J. Crews, and the draft of Albany Produce Company, and other items, —the first two named parties having on deposit with the Bank of Leesburg more than sufficient amounts to cover said check and draft, and said accounts were duly debited with said amounts on or prior to July 10, 1926; that said remittance of the Bank of Leesburg was drawn on the Albany Exchange National Bank, at which institution and at which time the Bank of Leesburg had on deposit more than sufficient funds with which to pay said remittance.

"7. Petitioner shows that before the payment of said remittance of $1003.25 the Bank of Leesburg was closed and taken over by the State Banking Department.

"8. Petitioner shows that it has duly filed its claim with the

proper officers in order to establish its claim as a preference, but that the Banking Department has declined to recognize the claim of petitioner as being a preferential claim, and has classed it among the general creditors, and declines to recognize its legal right and pay its claim in full.

"9. Petitioner shows that now within ninety days from the notice from the Banking Department of its refusal to classify the claims as above set out as preferential claims petitioner brings this suit."

It seems to be conceded by the parties that the petition in this suit sets out all the facts necessary to the determination of the question raised; that is, whether or not the transaction described falls within the scope of the provisions of section 34 of article 19 of the banking act of 1919 (Ga.. L. 1919, p. 206), reading as follows: "When any bank, or any officer, clerk, or agent thereof, receives by mail, express or otherwise, a check, bill of exchange, order to remit, note, or draft for collection, with request that remittance be made therefor, the charging of such item to the account of the drawer, acceptor, indorser, or maker thereof, or collecting any such item from any bank or other party, and failing to remit therefor, or the nonpayment of a check sent in payment therefor, shall create a lien in favor of the owner of such item on the assets of such bank making the collection, and such lien shall rank with other liens, according to date, and shall attach from the date of the charge, entry or collection of any such funds."

It is urged in behalf of the plaintiff in error that this statute is in derogation of the common law and must be construed strictly and literally, and that, for the reason that the two collection items in question were retained in the manual possession of the Atlanta Clearing House and that neither the Bank of Leesburg, nor "any officer, clerk, or agent thereof" received the same "by mail, express or otherwise," no preferential lien arises in favor of the petitioner in relation thereto. On the other hand, it is argued on behalf of the defendant in error that the statute was enacted for the purpose of correcting a manifest injustice of the law, which, prior to the enactment of the statute, left without recourse as against the collecting bank, except as a common creditor, one whose check had been forwarded for collection and remittance and the proceeds whereof had been mingled with the common funds of the

collecting bank; that the notice from the Atlanta Clearing House to the Bank of Leesburg was tantamount to an "order to remit;" and that, in these circumstances, a preferential lien is created under the terms of the statute.

It is the duty of the courts, of course, within the limits of the well-established rules of law, in any given case calling for an interpretation of a legislative enactment, to give effect to the legislative intent and purpose. In the instant case the claim of the defendant in error is resisted upon the sole ground that the two collection items involved were retained in the actual possession of the Atlanta Clearing House, and that the clearing house, instead of forwarding the items themselves, transmitted to the Bank of Leesburg a notice thereof, in the nature of a request for a remittance. It seems to be conceded that the method of treatment pursued by the Bank of Leesburg upon receipt of the notice from the clearing house, had such treatment been accorded to the items themselves in hand, was wholly sufficient, under the terms of the statute literally construed, to create a preferential lien in favor of the defendant in error. In paragraph 5 of the petition it appears that a regular course of business with reference to collection items of the same character was being conducted as between the Atlanta Clearing House and the Bank of Leesburg. The Bank of Leesburg, as it seems to us, by engaging in that course of business, accorded full recognition to the right and authority of the Atlanta Clearing House to retain in its possession the various items of collection in which the bank was interested; while the bank, acting upon notices from the clearing house instead of and in lieu of the collection items themselves, made the necessary entries on its books and forwarded appropriate remittances. Having in mind, then, the fact, which we think may be judicially noticed, that a clearing house is ordinarily an agency set up by a group of banks for the general purpose of clearing collection items as between themselves, and the fact that, as shown by the petition, the Atlanta Clearing House and the Bank of Leesburg were engaged in business of that nature in the present instance, we are of the opinion that a fair and reasonable interpretation and application of the statute under the admitted facts warrants the view that the Atlanta Clearing House, at least for the purpose of the immediate transaction here involved, may be regarded as having acted in the relationship of an agent of

the Bank of Leesburg. And thus it would seem that the transac-. tion described in the petition falls expressly within the terms of the statute above referred to. It follows, then, that there was no error in overruling the demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*